Frank Eric MENDOZA, Petitioner—
Appellant,

v.

David L. RUNNELS, Warden,
Respondent—Appellee.

No. 05–55736.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 28, 2007.

Filed Oct. 17, 2007.

---

Wayne R. Young, Esq., Santa Monica, CA, for Petitioner–Appellant.

Jeffrey J. Koch, Esq., AGCA–Office of the California Attorney General, San Diego, CA, for Respondent–Appellee.

Before: T.G. NELSON, IKUTA, and N.R. SMITH, Circuit Judges.

## MEMORANDUM *

Frank Mendoza appeals the district court's denial of his 28 U.S.C. § 2254 petition. This court granted a certificate of appealability on two issues: (1) whether a juror's misconduct substantially and injuriously impacted the verdict; and (2) whether the admission of a non-testifying co-defendant's post-arrest statements substantially and injuriously impacted the jury's verdict. The parties also briefed two uncertified issues: (1) whether the evidence was sufficient to support Mendoza's murder conviction; and (2) whether the trial court properly instructed the jury on California's natural-and-probable-consequences doctrine.

We have jurisdiction to address the certified issues under 28 U.S.C. § 2253(c).

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

We exercise jurisdiction of the uncertified issues because petitioner has made the requisite "substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2). Because this case reaches us on post-AEDPA habeas review, we must determine whether the state court's adjudication of Mendoza's claim was contrary to, or involved an unreasonable application of, Supreme Court precedent. *See* 28 U.S.C. § 2254(d).

### I. Juror Misconduct

■ The state appellate court concluded that Juror No. 1 committed misconduct when he looked up the term "facilitate" in a dictionary, and then shared that definition with his fellow jurors. It further concluded that this misconduct was harmless. Assuming that the juror's behavior was constitutionally cognizable misconduct, *see Turner v. Louisiana*, 379 U.S. 466, 85 S.Ct. 546, 13 L.Ed.2d 424 (1965), it did not substantially and injuriously affect or influence the jury's verdict. *See Brecht v. Abrahamson*, 507 U.S. 619, 623, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993). First, the trial court conducted a hearing into the misconduct and determined there was no prejudice. Second, the information shared with the jury was relatively unimportant in context. The juror did not tell the other jurors he was relying on a dictionary when he told them that facilitate meant "to make easier"; he simply reported this to be his understanding of the term. Moreover, the juror's definition of the term was correct, *see Webster's New World Dictionary* 485 (3d college ed. 1988) (defining facilitate as "to make easy or easier"); *Black's Law Dictionary* 627 (8th ed. 2004) (including the following definition of facilitate: "*Criminal Law.* To make the commission of a crime easier."), and did not alter the legal meaning of the jury instructions at issue, or otherwise prejudice the jury's verdict. *See United States v. Steele*, 785 F.2d 743, 745–49 (9th Cir.1986) (look-ing up dictionary definitions of various terms, including *copyright* and *infringement*, did not prejudice the verdict in a criminal copyright infringement case). *Cf. Marino v. Vasquez*, 812 F.2d 499, 503–05 (9th Cir.1987) (looking up the term *malice* prejudiced the jury's verdict); *Gibson v. Clanon*, 633 F.2d 851, 853–55 (9th Cir. 1980) (jurors' use of medical encyclopedia prejudiced the jury's verdict). Finally, the evidence of Mendoza's guilt was overwhelming. For these reasons, the juror's misconduct did not substantially and injuriously impact the verdict.

### II. The Bruton Error

■ As to the alleged *Bruton* error, the state appellate court concluded that the trial court erred in admitting Fausto Esquerra's post-arrest statements at trial, but that the error was harmless. We agree. Even assuming the admission was a *Bruton* error, it was harmless under *Brecht* because the evidence of Mendoza's guilt—even without including Esquerra's statement—was overwhelming. *See Bruton v. United States*, 391 U.S. 123, 134–35, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968); *Brecht*, 507 U.S. at 623, 113 S.Ct. 1710. The evidence proved that Mendoza initiated a confrontation with two members of a rival gang and then participated in the assaults. The testimony of various witnesses regarding the history of violence between the two gangs, as well as the gang expert's testimony, established that a shooting was a likely result of such an assault. Finally, who started the fight was not a central feature of determining Mendoza's guilt.

### III. California's Natural–and–Probable–Consequences Doctrine

### A. Sufficiency of the Evidence

We reject Mendoza's contention that the evidence did not sufficiently support his

murder conviction. Viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found that Mendoza aided and abetted the assaults, and that the murder was a natural and probable consequence of the assaults. The state court's decision on this point was not an objectively unreasonable application of *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

The two cases cited by Mendoza, *Juan H. v. Allen,* 408 F.3d 1262 (9th Cir.2005) and *Sarausad v. Porter,* 479 F.3d 671 (9th Cir.2007), *vacated in part,* 503 F.3d 822 (9th Cir.2007), are not to the contrary.

*Juan H.* is distinguishable because in that case the prosecutor did not advance a theory that the petitioner aided and abetted minor crimes, such as simple assault and battery for example, which, in turn, naturally and probably led to murder. 408 F.3d at 1279 n. 15. Here, the target crimes included assault and battery. Consequently, the state was required only to prove that Mendoza aided and abetted the assaults, which, in turn, naturally and probably led to murder.

*Sarausad* is also distinguishable. There, the State of Washington charged Sarausad as an accomplice to murder. 479 F.3d at 675. Washington law requires an accomplice to have specific knowledge that the principal intended to commit murder. *See id.* at 687–88, 692 (describing Washington law). California's natural-and-probable-consequences doctrine has no such requirement.

### B. The Jury Instructions

■ Finally, the state habeas court held that the trial court correctly instructed the

* Peter D. Keisler is substituted for his predecessor, Alberto R. Gonzales, as Acting Attorney

jury regarding California's natural-and-probable-consequences doctrine and determined that the instructions did not violate due process. These conclusions were not contrary to, or unreasonable applications of, the Supreme Court's due process holdings in *Sandstrom v. Montana,* 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979) and *In re Winship,* 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). *See also People v. Prettyman,* 14 Cal.4th 248, 58 Cal.Rptr.2d 827, 926 P.2d 1013, 1024 (1996) (describing California law). Indeed, this court has already determined that California's natural-and-probable-consequences doctrine does not violate due process. *See Spivey v. Rocha,* 194 F.3d 971, 976–77 (9th Cir.1999) (due process permitted second-degree murder conviction as a natural and probable consequence of aiding and abetting misdemeanor brandishing of a firearm). Consequently, we deny Mendoza's request for habeas relief on this ground.

AFFIRMED.